IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN PATROSKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 2:10-cv-967 |
| v | ) |
| | ) |
| PRESSLEY RIDGE, PRESSLEY RIDGE | ) |
| FOUNDATION and B. SCOTT FINNELL | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court is Plaintiff's motion for the Court to reconsider its December 7, 2010, Memorandum Opinion and Order dismissing her complaint for the failure to exhaust administrative remedies. Plaintiff's filings seek a number of forms of relief, specifically moving for "a rehearing and amendment of or relief from the Order and Judgment" entered on December 7, 2010, relief that is sought pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure. *See* Doc. No. 15; *see also,* Doc. Nos. 16, 18, 19, 20, 21. Defendants oppose all forms of requested relief. Doc. No. 17. The issues have been fully briefed and the motion is ripe for disposition.

### Background

As noted in this Court's previous Memorandum Opinion and Order (Doc. No. 14), Plaintiff initiated this action with the filing of her complaint on July 22, 2010 in which she alleged thirteen counts under both federal and state law, all of which relate to sexual harassment and retaliation. *See* Doc. No. 1. Jurisdiction of this Court is premised upon the first three counts, federal claims brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000(e) *et seq. Id.*

In 2008, Plaintiff began working in the Human Resources Department of Pressley Ridge. *Id.* at ¶ 8. On December 24, 2008, Plaintiff alleges that she was required to participate in a "relaxation session" as part of the Pressley Ridge Wellness Program then being developed by Defendant Finnell, the Chief Executive Officer of Pressley Ridge. *Id.* at ¶ 9. Plaintiff avers that the relaxation session was actually hypnosis, and that similar sessions continued thereafter on frequent occasions for approximately a year, each time behind closed doors and on a couch in Defendant Finnell's office. *Id*. at ¶ 10. According to Plaintiff, she was repeatedly sexually harassed and molested by Defendant Finnell during these sessions after being placed under hypnosis. *Id.* at ¶¶ 10 and 11.

Beginning in December 2009, Plaintiff began recalling what occurred during these relaxation sessions. At some point thereafter, Plaintiff expressed her concerns to Defendant Finnell in an electronic mail message, and also began discussing what occurred with other employees. *Id.* at ¶ 14. These developments resulted in "a material deterioration in the conditions" of Plaintiff's employment that included a request that she resign on February 22, 2010 (which she declined to do). *Id*. at ¶¶ 15 - 16. In April, 2010, Plaintiff brought these circumstances to the attention of the Pressley Ridge Board of Directors and requested redress, to no avail. *Id*. at ¶ 17.

On June 2, 2010, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC" or "Commission"). *Id*. at ¶ 18. On June 4, 2010, Plaintiff's employment with Defendant Pressley Ridge was terminated. *Id.* at ¶ 19. On June 8, 2010, at Plaintiff's request, the EEOC issued a "right-to-sue" letter which authorized her to initiate legal action in federal court. Doc. No. 1 at Exhibit A.

## Analysis

The Court begins by noting what form of relief Plaintiff is seeking, and, more particularly, what she is not. In ruling upon Defendants' motion to dismiss, on December 7, 2010, this Court considered the validity of 29 C.F.R. § 1601.28(a)(2), the regulation which authorizes the EEOC the discretion to issue a right-to-sue letter within 180 days of the filing of a charge of discrimination. *See* Doc. No. 14. While the Court did not find the regulation to be invalid, it did find that the EEOC failed to properly exercise its discretion by issuing a right-to-sue letter to Plaintiff, on Plaintiff's request, six days after the filing of the charge of discrimination. *Id*. As such, Defendants' motion to dismiss was granted and the complaint was dismissed without prejudice for further administrative processing. Following that decision, Plaintiff moves for relief in the form of asking the Court to reconsider the dismissal of her complaint, and instead requests that the Court simply stay the action pending the resolution of her administrative processing. Plaintiff is not, however, challenging the Court's determination that she has not exhausted her administrative remedies. The relief her motion seeks pertains to the status of her complaint pending that exhaustion.

Plaintiff's basis for seeking a stay for her civil action, in lieu of the dismissal of her complaint, is based upon equitable considerations. Plaintiff's motion references the decision of *Spencer v. Banco Real*, 87 F.R.D. 739 (S.D.N.Y. 1980) in support of her argument that suspension of the complaint is preferable to dismissal of a complaint. *See* Doc. No. 16. The Court finds the circumstances of *Spencer* to be inapposite to the issue before it. The decision in *Spencer* involved the initiation of a civil action prior to the issuance of a right-to-sue letter, a letter that was subsequently obtained during the pendency of a motion to dismiss. *Id.* The court

held that under the circumstances of that particular case, dismissal would not be appropriate in view of the amount of time that had transpired and the extent to which Plaintiff's claims had already been processed by the EEOC. *Id.* Here, it appears that no processing by the EEOC has taken place. Further, much like many of the early cases which considered the validity of 29 C.F.R. § 1601.28(a)(2), *Spencer* relied, in part, upon outdated reasoning that the 180-day period of 42 U.S.C. § 2000e-5(f)(1) was jurisdictional, which the Supreme Court has since held not to be the case.

     What is important to keep in mind is the fact that the right to bring federal suit is contingent, not upon the mere issuance of a right-to-sue notice, but rather upon the occurrence of one of a number of express conditions, none of which have yet to occur. These conditions include the statutory conditions of 42 U.S.C. § 2000e-5 (f)(1), which are either the dismissal of the charge by the EEOC or upon the request of the complainant 180 days after the charge was filed if either no conciliation agreement has been reached or the EEOC has not initiated its own action. An alternative condition exists in 29 C.F.R. § 1601.28(a)(2), in which the EEOC is authorized to issue a right-to-sue letter if requested prior to the expiration of the 180-day period following the filing of the charge, but only upon a determination from an agency official that it is probable that the EEOC will be unable to complete its administrative processing within 180 days. Given the extremely short period of time between Plaintiff's filing of the charge of discrimination and the issuance of the right-to-sue letter (six days), it does not appear that the EEOC has even initiated its statutorily required responsibilities.

     The issuance of a right-to-sue letter by the EEOC is the representative culmination of the occurrence of the administrative prerequisites needed before a civil suit can be brought; it is not a

substitute for those prerequisites. Permitting Plaintiff to *bring* this civil action, which she has attempted to do by way of her premature right-to-sue letter, would amount to a circumnavigation of the actual prerequisites of exhaustion, albeit one that was enabled by the EEOC's exercise of discretion. However, as this Court held previously, the EEOC exceeded its proper discretionary authority when it issued the right-to-sue letter six days after the charge of discrimination was filed. While the Court distinguished the holding of the decision in *Spencer v. Banco Real, S.A.* to the issue before it, cautionary language from that decision continues to resonate when considering the EEOC's discretion to issue an early right-to-sue letter:

> The 180-day period is not purposeless, merely because the agency claims it seems unlikely to take final action during that time. If complainants are required to remain before the agency for 180 days, the primary role of the agency in handling such claims is emphasized and assured. Congress in fact hoped that the EEOC would "develop its capacity to proceed rapidly with the hearing and decision on charges" filed with it during the 180-day period. S.Rep. No. 92-415, 92d Cong., 1st Sess. 24 (1971). Pressure and incentive to improve efficiency would no doubt diminish if the Commission could simply shift a large part of its workload to the federal courts. The certification by an EEOC official that it is "probable" the agency will be unable "to complete" its processing of a charge within 180 days is merely a prediction that may or may not turn out to be true. Merely commencing agency action within the 180-day period will in some cases lead to settlements and avoid litigation. In other cases, the agency may successfully conclude matters after the 180-day period, as the statutory scheme contemplates. (citation omitted).
>
> The Commission appears to have given no thought, moreover, to how its regulation will be administered. The regulation creates an important new discretionary power, to be exercised in favor of some complainants and not others. It not only permits the agency to ignore part of its workload, but also enables certain agency officials to determine which part of the workload to ignore and which to address.

*Spencer*, 87 F.R.D. at 746. On one level, the scrutiny of any exercise of discretion must be made on a case-by-case basis. At the same time, however, a degree of context is necessary to ensure that individual decisions do not lose sight of the larger statutory purposes and limits, a context

that is indirectly referenced with this cautionary language.  Giving itself the authority to issue early right-to-sue letters does not exempt the EEOC from its statutory responsibilities, nor does it provide an avenue for a plaintiff to bring suit prior to fulfillment of the prerequisites.  Were the Court to stay this action as opposed to dismissing Plaintiff's complaint would thwart those limits.

In terms of her concern regarding the application of the statute of limitations to her state law claims, the Court notes that such considerations are present in all types of litigation.  While the Court will not endeavor to counsel Plaintiff in how to proceed with her litigation, it does note that dismissing her complaint for failure to exhaust her administrative remedies does not appear to foreclose the possibility of pursuing her state law claims within the applicable statute of limitations period, even if the administrative exhaustion requirement takes 180 days.  That is to say, there is nothing within the procedural posture of her claims, as pled, that necessitates any departure on the part of the Court to justify exempting Plaintiff from fulfilling the prerequisites necessary before her civil action can be brought.  For the aforementioned reasons, Plaintiff's motion seeking reconsideration of and relief from the Court's memorandum opinion and order dismissing her complaint without prejudice will be denied.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SUSAN PATROSKI,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) 2:10-cv-967 |
| v | ) |
| | ) |
| **PRESSLEY RIDGE, PRESSLEY RIDGE** | ) |
| **FOUNDATION and B. SCOTT FINNELL** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER OF COURT

AND NOW, this 20th day of December, 2010, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that Plaintiff's MOTION FOR REHEARING, AND AMENDMENT OF OR RELIEF FROM JUDGMENT (Doc. No. 15) is **DENIED**.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Violet E. Grayson, Esquire
Email: vegrayson@gmail.com

Martha Hartle Munsch, Esquire
Email: mmunsch@reedsmith.com
Kim M. Watterson, Esquire
Email: kwatterson@reedsmith.com